IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARAH ELIZABETH DUTRA,

               Petitioner,               No. CIV S-10-CV-1657 CHS

   vs.

MARY LATTIMORE,

               Respondents.       <u>ORDER</u>

_____/

## I.  INTRODUCTION

Petitioner, Sarah Elizabeth Dutra, is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 2003, Petitioner was convicted by jury for the crimes of voluntary manslaughter and being an accessory to murder after the fact and was sentenced to serve eleven years in state prison.  On June 29, 2010, Petitioner filed the instant federal petition for writ of habeas corpus challenging the constitutionality of her 2003 convictions. This matter is submitted for decision and both parties have consented to jurisdiction by a United States Magistrate Judge.

## II.  BACKGROUND

Petitioner was convicted in 2003 following a jury trial in the San Joaquin County Superior Court for voluntary manslaughter and being an accessory to murder after the fact, and was

1

1  sentenced to a term of eleven years imprisonment.  She subsequently exhausted her claims on direct

2  appeal in state court.  Petitioner filed her federal petition for writ of habeas corpus on June 29, 2010.

3  Respondent filed its answer on October 4, 2010, and Petitioner did not file a traverse.

4           At the time her petition was filed, Petitioner was in the custody of Central California

5  Women's Facility located in Chowchilla, California.  Following the filing of her petition, Petitioner

6  was released from confinement on August 26, 2011 and is currently on parole.  However, Petitioner

7  failed to inform the court that she was no longer in custody and did not contact the court to provide

8  her current address and contact information.  Accordingly, the court issued an order on January 6,

9  2012 requiring both parties to file a status update addressing Petitioner's custodial status.  In

10  addition, the court ordered Petitioner to address in her brief her failure to notify the court of her

11  release from confinement and her failure to notify the court of her current address.  Petitioner was

12  also warned that failure to timely respond or to comply with the court's orders may result in the

13  dismissal of her petition for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).  Petitioner was

14  served with the court's order at her address of record at Central California Women's Facility in

15  Chowchilla, California.  In order to ensure that she actually received the order, however, the court

16  obtained the forwarding address Petitioner left with the prison when she was released from

17  confinement and she was also served at that address.  Petitioner did not respond to the court's order

18  and, in fact, has not communicated with the court regarding her pending petition since filing her

19  consent to jurisdiction by a United States Magistrate Judge in this matter on July 30, 2010, over two

20  and one half years ago.

21                        **III. DISCUSSION**

22           District courts have the inherent power to control their dockets and "in the exercise

23  of that power, they may impose sanctions including, where appropriate...dismissal of a case."

24  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

25  prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure

26  to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal

                                        2

for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for failure to prosecute, failure to comply with a court order, or failure to comply with local rules, the court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130.

In this case, the first two factors, the public's interest in expeditiously resolving litigation and the court's interest in managing the docket, weigh in favor of dismissal. This case has been pending since June 29, 2010 and approximately one month has passed since the expiration of the twenty day deadline for Petitioner to file the response required by the court's January 6, 2012 order to show cause. To date, Petitioner has not filed a response, has not requested an extension of time to file a response, and has not communicated with the court in any way to explain her lack of compliance with the court's order, thus hindering the court's ability to resolve this litigation and manage its docket.

The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Where, as here, Petitioner has offered no excuse for her failure to respond to the court's order, the prejudice factor favors dismissal of the action. *Yourish v. California Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Further, Petitioner's failure to comply with the court's order strongly

suggests that additional time spent by the court on this case will consume scarce judicial resources in addressing litigation which Petitioner has now demonstrated little intention to diligently pursue.

Finally, Petitioner was served the court's January 6, 2012 order at both her address of record as well as the forwarding address she left with the prison upon her release in order to ensure her adequate opportunity to respond. Given Petitioner's noncompliance with the court's order, no lesser sanction is feasible. Providing Petitioner with an opportunity to show cause why her petition should not be dismissed "constituted an attempt at a less drastic sanction to that of outright dismissal." *Ferdik*, 963 F.2d at 1262. Moreover, Petitioner was warned that failure to obey with the court's order would result in dismissal of her petition, and this satisfies the "consideration of the alternatives" requirement. *Id*; *Malone*, 833 F.2d at 132-33. The court's January 6, 2012 order expressly stated as follows:

> It is noted that Petitioner bears the responsibility of prosecuting this case. Petitioner is obligated to inform the court and Respondent of any change of address and must comply with the court's orders in a timely manner. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order to Show Cause, January 6, 2012, ECF No. 14. Thus, Petitioner had sufficient warning that dismissal would result from her noncompliance with the court's order.

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is hereby DISMISSED. If Petitioner wishes to appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3). A certificate of appealability should be granted for any issue that Petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed

further.'" *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner failed to make a substantial showing with respect to any of the claims presented.  A certificate of appealability is therefore DENIED.  *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 29, 2010 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied; and

2. A certificate of appealability shall not issue.

3. In addition to serving both parties at their addresses of record, the Clerk of Court is directed to serve Petitioner at the following address:

Sarah Elizabeth Dutra
524 Florence Drive
Vacaville, CA 95688

DATED: March 13, 2012

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE

5